UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ISRAEL RONDON, | ) | CASE NO. 1:12 CV 231 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| PNC BANK, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On January 31, 2012, plaintiff *pro se* Israel Rondon filed this action, purportedly under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, against PNC Bank, Dollar Bank, Key Bank, and the Federal Reserve Bank of Cleveland. The complaint, which plaintiff terms a "charge," alleges "the lawful currency of the nation still is circular specie gold and silver dollars of the realm," and apparently asserts defendants violate RICO and the Constitution by using paper money.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim, *see, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), or even that a claim over which this court plausibly has jurisdiction might exist. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 2/16/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE